UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BLACK HILLS SIOUX NATION TREATY COUNCIL; FLOYD L. HAND; VINCENT BLACK FEATHER; and HENRY RED CLOUD,<br><br>      Plaintiffs,<br><br>  vs.<br><br>AZARA URANIUM CORPORATION and BLAKE STEELE, President and CEO of Azara Uranium Corporation,<br><br>      Defendants. | CIV. 19-5069-JLV<br><br>AMENDED ORDER |

On October 7, 2019, plaintiffs Black Hills Sioux Nation Treaty Council, Floyd L. Hand, Vincent Black Feather and Henry Red Cloud, appearing *pro se*, filed a complaint against the defendants, Azara Uranium Corporation and Blake Steele, President and CEO of Azara Uranium Corporation alleging violations of plaintiffs' vested treaty rights. (Dockets 1 and 1-1). According to plaintiffs' complaint, the defendants are residents of White Rock, British Columbia, Canada. (Docket 1 at p. 2). As of the date of this order plaintiffs have not returned the completed summons and USM-285 forms.

Plaintiffs are required to serve process on the foreign defendants in compliance with Fed. R. Civ. P. 4(f). That section provides:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;[1]

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

    (C) unless prohibited by the foreign country's law, by:

        (i) delivering a copy of the summons and of the complaint to the individual personally; or

        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Id.

*Pro se* pleadings are to be construed liberally, but *pro se* litigants are still expected to comply with procedural and substantive law. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). "While a court generally affords *pro se* filings a liberal construction, a litigant's *pro se* status does not excuse him from reading

---

[1]The Convention On The Service Abroad Of Judicial And Extrajudicial Documents in Civil Or Commercial Matters appears in the appendix to Fed. R. Civ. P. 4.

the Federal Rules of Civil Procedure." Jiricko v. Moser & Marsalek, P.C., 184 F.R.D. 611, 615 (E.D. Mo. 1999), aff'd, 187 F.3d 641 (8th Cir. 1999) (referencing McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). In accordance with the requirements of Rule 4(f), plaintiffs are put on notice of the court's intention to dismiss the claims against the defendants without prejudice unless plaintiffs properly serve the defendants with the summons and complaint or shows good cause for the failure to serve them.

> Section 1654 of Title 28 of the United States Code provides:
>
> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654. Every federal appeals court allows an individual to proceed *pro se* under § 1654. "As a general matter of federal law, an individual proceeding in federal court has the right to present his case pro se . . . ." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 67 (2d Cir. 2011) (referencing 28 U.S.C. § 1654). However, "a non-attorney . . . may not engage in the practice of law on behalf of others." Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005); see also Crump-Donahue v. U.S. Dep't of Agric., No. 407-CV-00511, 2007 WL 1702567, at *1 (E.D. Ark. June 11, 2007) ("When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity."); Gross v. United States, No. Civ. 06-4211, 2009

WL 368664, at *1 (D.S.D. Feb. 13, 2009) (finding a *pro se* plaintiff was "not permitted to litigate the claims of [an] Estate or beneficiaries of the Estate, with or without their consent, because doing so would amount to engaging in the [unauthorized] practice of law on behalf of others.") (emphasis added).

While plaintiffs are entitled to represent themselves, they are not permitted to represent others, whether individuals or associations. Plaintiff Black Hills Sioux Nation Treaty Council may only appear in federal court through an attorney authorized to practice law in the District of South Dakota.

Accordingly, it is

ORDERED that the Black Hills Sioux Nation Treaty Council shall retain legal counsel who must file a notice of appearance on or before **April 10, 2020**, or the claims of Black Hills Sioux Nation Treaty Council will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiffs shall properly serve the defendants with the summons and complaint in compliance with Fed. R. Civ. P. 4(m) and file a return of service on or before **May 1, 2020**, or the claims against the defendants shall be dismissed without prejudice pursuant to Rule 4 unless plaintiffs show good cause for the failure to serve them.

Dated March 9, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE